[Crim. No. 945. Third Appellate District.—December 13, 1926.]

## THE PEOPLE, Appellant, v. JESSE E. TAYLOR, Respondent.

[1] CRIMINAL LAW—APPEAL—DELAY IN FILING BRIEF—DISMISSAL.—In a criminal case, where the people appeal from the order of the trial court granting defendant's motion for a new trial and then fail to file any points and authorities within the time prescribed by the rules of the supreme court, but the opening brief on behalf of appellant is filed after respondent has served and filed a notice of motion to dismiss and three days prior to the date on which such motion is noticed to be heard, the motion will be denied.

[2] ID. — FAILURE TO FILE BRIEF — ORAL ARGUMENT — AFFIRMANCE OF JUDGMENT.—Even though no brief has been filed in a criminal case, the practice is to place the case on the calendar for oral argument, and to affirm the judgment if appellant fails to appear at the time set for argument; and this procedure is in harmony with the provisions of sections 1248 and 1253 of the Penal Code.

———

(1) 17 C. J., p. 190, n. 11.    (2) 17 C. J., p. 190, n. 11.

2. See 8 Cal. Jur. 541.

MOTION to dismiss an appeal by the People from an order of the Superior Court of Sacramento County granting a new trial. Charles O. Busick, Judge. Motion denied.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

Mark L. Burns and L. M. Shelley for Respondent.

FINCH, P. J.—This is a motion by respondent to dismiss the appeal herein from the order of the trial court granting defendant's motion for a new trial. The motion is made upon the ground that the appellant has failed to file any points and authorities within the time prescribed by the rules of the supreme court.

[1] The transcript was filed July 30, 1926. The notice of motion to dismiss was served November 9, 1926, and filed on the following day, and it is stated therein that the motion would be made November 29, 1926. Appellant's opening brief was filed November 26, 1926.

Rule V provides that if "appellant's points and authorities be not filed within the time prescribed the appeal may be dismissed on motion, upon notice given. If . . . the points and authorities, though not filed within the time prescribed, be on file at the time such notice is given, that fact shall be sufficient answer to the motion." No criminal case has been cited or discovered wherein this rule has been applied. Section 1248 of the Penal Code provides: "If the appeal is irregular in any substantial particular, but not otherwise, the appellate court may, on any day, on motion of the respondent, upon five days' notice, accompanied with copies of the papers upon which the motion is founded, order it to be dismissed." Section 1253 provides: "The judgment may be affirmed if the appellant fail to appear, but can be reversed only after argument, though the respondent fail to appear." [2] The rule which has been uniformly followed is to place a criminal case on the calendar for oral argument, even though no brief has been filed, and to affirm the judgment if the appellant fails to appear

at the time set for argument. This procedure is in harmony with the provisions of the foregoing sections of the Penal Code and no reason appears for departing therefrom in this case.

The motion is denied and it is ordered that the cause be placed on the January calendar for oral argument; the respondent to have ten days after the filing of this opinion within which to file his points and authorities.

Hart, J., and Plummer, J., concurred.